UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br>          Plaintiff,<br>    v.<br>SIVANNARAYANA BARAMA,<br>          Defendant. | Case No. 19-cr-00463-RS-2<br><br>**ORDER RE: MOTIONS IN *LIMINE*** |

      The below summarizes the rulings on the Parties' motions in *limine*, which may be revised at trial. *City of Pomona v. SQM North America Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017).

**I. GOVERNMENT'S MOTIONS IN *LIMINE***

      **1. Motion No. 1: References to Punishment**

      The government seeks to preclude all references to any potential punishment from the jury, on the grounds that such references—both explicit and "subtler . . . statements [as] 'the defendant is facing a lot of time,' [or] 'the case has serious consequences for the defendant,'" Dkt. 176 at 2—are irrelevant and prejudicial. Mindful that "it is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed,'" *United States v. Lynch*, 903 F.3d 1061, 1080 (9th Cir. 2018) (quoting *Shannon v. United States*, 512 U.S. 573, 579 (1994)), this motion is granted. Defendant and the government shall both be precluded from referencing the particulars of punishment. Turns of

phrase not intended to provoke the sympathy or ire of the jury—particularly if necessary for factual rebuttal or impeachment—are still permissible. *See, e.g.*, *United States v. Williams*, 2017 WL 4310712, at *8 (N.D. Cal. Sept. 28, 2017) (permitting references such as "this case has serious consequences for the defendant," or "this is a criminal case").

### 2. Motion No. 2: Prior Statements by Jonathan Nellore

The government next seeks a ruling that prior out-of-court statements regarding the trading scheme undertaken by Janardhan Nellore are admissible, either because they are not offered for the truth of the matter asserted (but some permissible, non-hearsay purpose[1]), or because they are statements of a co-conspirator made during and in furtherance of the conspiracy, and therefore admissible under Fed. R. Evid. 801(d)(2)(E). In particular, the government wishes to introduce such statements through testimony by Prasad Malempati, Saber Hussain, and Ganapathi Kunadharaju, all acquaintances and some co-workers, of Nellore.

To the extent that the desired testimony is offered for something other than the truth of the matter asserted, it would be admissible non-hearsay: statements used to indicate that Nellore obtained information from the company, that such information was being used for non-business purposes, or that the witnesses knew about the embezzled nature of the information, are likely admissible from the government's generic descriptions. Without the benefit of complete context, however, such as the specific statement and purpose for which it is offered[2], a blanket preliminary ruling that admits prior statements by Nellore to Malempati, Hussain, and Kunadharaju would be premature.

---

[1] The government argues the evidence is proffered: (1) to show the state of mind and knowledge of Nellore and co-conspirators; (2) as evidence of the existence of a conspiracy and agreement to carry out its illegal objects; (3) as evidence of operative facts relevant to prove elements of the offense; or (4) for some purpose that otherwise does not depend on the contents of the statement.

[2] Although the Government provided three paragraphs of expected testimony, such testimony was described only generally. *See* Dkt 176 at 4 ("Malempati is expected to testify that he received confidential information from Nellore, and that Nellore told him Palo Alto Networks revenue numbers before those numbers were publicly announced by the company. He is expected to testify that Nellore told Malempati that Nellore obtained the information provided through Nellore's employment with the company.").

**ORDER RE: MOTIONS IN *LIMINE***
CASE NO. 19-cr-00463-RS-1

Similarly, Defendant argues that there is no evidence that Defendant Barama either interacted with or even knew about the three witnesses the government proffers—and without proving a single conspiracy involving them all, the testimony cannot be admitted as statements of co-conspirators under 801(d)(2)(E). Of course, the government claims the conspiracy will be proven by "evidence of communications between Nellore, Barama, and other conspirators," as well as "evidence of the coordinated nature of the trading in accounts each conspirator owned or controlled." It may well be that, if sufficient proof is furnished, the desired testimony can be admitted. This remains, however, a disputed issue—there is certainly nothing inherent in the insider trading allegations necessitating a conclusion that there was collusion between Barama and the witnesses, which renders a blanket preliminary ruling at this juncture inappropriate. This motion is therefore denied without prejudice to any specific objections that may be raised at trial.

### 3. Motion No. 3: Undisclosed Evidence

The government moves for an order to compel reciprocal discovery under Federal Rule of Criminal Procedure 16(b) and reciprocal Jencks Act material pursuant to 18 U.S.C. § 3500 or, in the alternative, to preclude Defendant from introducing in its case-in-chief any evidence responsive to those rules that has not yet been provided to the government. Defendant responds that it has complied with its reciprocal discovery obligations thus far (including providing all *Jencks* material in its possession), but defense investigation is on-going. The cases the government cites in support of its motion to exclude largely involve some measure of bad faith—*see, e.g.*, Dkt. 176 at 8 (citing *United States v. Scholl*, 166 F.3d 964, 972 (9th Cir. 1999) and noting that the case "uph[e]ld[] district court's decision to exclude defense evidence due to defendant's *strategic decision* to withhold discovery until the last minute" (emphasis added)). Seeing no evidence yet of sharp practice by Defendant, ruling on whether Defendant has complied with its Jencks and other discovery obligations will be reserved until previously undisclosed evidence, if any, is introduced at trial. Accordingly, this motion is denied without prejudice to any specific objections that may be raised at trial.

### 4. Motion No. 4: Prior Statements of the Defendant

The government's final motion asks the Court to preclude Defendant from offering self-serving prior statements, such as exculpatory statements denying allegations against him. The Government is correct that many such statements would be inadmissible hearsay, and this motion is granted, without prejudice to the defense's opportunity to offer at trial, with respect to specific prior statements by the Defendant, why such statements should be admissible.

## II. DEFENDANT'S MOTIONS IN *LIMINE*

### 1. Motion No. 1: Expert Witness Disclosures

Defendant moves, pursuant to Federal Rules of Criminal Procedure Rule 16(a)(1)(G), to compel the government to provide additional disclosures regarding the expected testimony of its expert, Alexander Scoufis—and in particular, with regard to the opinions he will proffer; to require the government to identify all "research tools" from which Scoufis obtained data and information on which such opinions rely; and to require the government to identify bates ranges for financial documents reviewed by Scoufis.

Rule 16(a) (1)(G) requires that the government give to the defendant a written summary that "describe[s] the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a) (1)(G). Although "Rule 16(a)(1)(G) does not require recitation of the chapter and verse of the experts' opinions, bases and reasons," *United States v. Cerna*, 2010 WL 2347406, at *2 (N.D. Cal. June 8, 2010), it does require that the "bases and reasons" provided "must be sufficient to allow counsel to frame a *Daubert* motion (or other motion *in limine*), to prepare for cross-examination, and to allow a possible counter-expert to meet the purport of the case-in-chief testimony." *Id.* at *1.

Here, the government has provided sufficient information, including in a supplemental disclosure made at the request of Defendant, about the bases of and qualifications underlying Scoufis' testimony. Having thus met its burden with respect to those parts of the rule, Defendant's request with respect to further identification of the "research tools" and specific bates ranges is denied.

Defendant correctly identifies, however, that while the government's disclosures provide ample information about facts to which the expert will testify, they reveal scarcely little about Scoufis' actual *opinions*. Explaining that the "SEC is the federal agency responsible for the civil enforcement of the federal securities laws," for instance, is not an opinion, but a factual statement. Dkt 177, Ex. 2 at 3. Neither is the statement that Scoufis "will compare the direction and magnitude of the change in PANW stock with the stock market as a whole, as measured by the change of two identified stock indexes," which is simply a statement of methodology. Dkt. 182 at 2. While "the requirements imposed by Rule 16 are not overly demanding," *United States v. Nelson*, 2021 WL 75757, at *4 (N.D. Cal. Jan. 8, 2021), the government must provide at least a few sentences describing the actual opinions, if any, to which Scoufis will testify. Accordingly, this motion is granted in part and denied in part.

### 2. Motion No. 2: PANW Insider Trading Policy

Defendant requests a limiting instruction in connection with the admission of PANW's Insider Trading Policy, to prevent potential confusion for the jury between the company policies and the law. The government does not object, but the Parties have offered competing instructions. This motion is granted, and Defendant's proposed limiting instruction is adopted:

> The government has just entered into evidence exhibits that are certain internal policies of Palo Alto Networks. This evidence has been admitted and received into evidence for a limited purpose, that is, to define the policies for the company's employees and contractors which may be relevant in determining whether the defendant and any co-conspirators acted knowingly, and with an intent to defraud. At the end of the trial, I will instruct you on the law to apply to the facts of this case, and you must follow the law as I give it to you and should not rely on any statement of the law contained in the insider trading policy.

### 3. Motion No. 3: Ambarella Insider Trading Policy

Defendant seeks to exclude the Ambarella Insider Trading Policy under Federal Rules of Evidence 401, 402, and 403 on the grounds that the policy is immaterial to the scheme to defraud, and also risks unfair prejudice to Defendant. The government responds that the information is highly probative as evidence of Defendant's intent to defraud (by demonstrating that he reviewed

and understood a similar policy), as well as Defendant's knowledge about the confidential nature of the information obtained and traded on. The government further argues that the purpose of this evidence is not duplicative of the PANW Insider Trading Policy, or sufficiently served by the defense's proffered stipulation by the defense that Defendant Barama was employed by Ambarella, a publicly traded company, from September 27, 2016 to February 28, 2020, because: (1) Barama was only a contractor with PANW, and may not have been subject to as rigorous a training or acknowledgment procedure of the PANW Insider Trading Policy as full-fledged employees would have been; and (2) after leaving PANW, Barama's employment with Ambarella—and therefore ongoing requirement to read and acknowledge Ambarella's Insider Trading Policy—was concurrent with much of the trading activity at issue in this case.

The government has made a sufficient showing as to the additional value of the Ambarella Insider Trading Policy. Accordingly, this motion is denied, but the policy will be admitted with a limiting instruction akin to that issued for the PANW Insider Trading Policy:

> The government has just entered into evidence exhibits that are certain internal policies of Ambarella. This evidence has been admitted and received into evidence for a limited purpose, that is, to define a policy which may be relevant in determining whether the defendant acted knowingly, and with an intent to defraud. There is no allegation of any wrongdoing by defendant with respect to Ambarella in this case, and this evidence should not be construed to suggest any such wrongdoing occurred. At the end of the trial, I will instruct you on the law to apply to the facts of this case, and you must follow the law as I give it to you and should not rely on any statement of the law contained in the insider trading policy.

### 4. Motion No. 4: Exclusion of Undisclosed Documents

Defendant seeks the exclusion of all documents not produced by the date of the pretrial conference (November 16, 2022[3]). There is no evidence that the government has failed to comply with its discovery obligations, nor any indication that Defendants doubt the government's good faith with respect to discovery. There is, moreover, no basis to exclude evidence discovered after

---

[3] Defendant cited the pretrial conference, but provided the date November 15, 2022. For these purposes, the pretrial conference date (November 16, 2022) is applicable.

**ORDER RE: MOTIONS IN *LIMINE***
CASE NO. 19-cr-00463-RS-1

the date of the pretrial conference—of which the government presently does not expect any—if that evidence is then otherwise properly disclosed under Rule 16. *See United States v. Barreiro*, 2015 WL 7734139, at *4 (N.D. Cal. Dec. 1, 2015). Accordingly, this motion is denied without prejudice to any specific objections that may be raised at trial.

### 5. Motion No. 5: Presentation of the Indictment

Defendant seeks to prevent the indictment from being presented to the jury on the grounds that it would be prejudicial. The government does not oppose, instead proposing that the jury be provided an unopposed summary of the charges in the indictment for effective deliberation on each charge. The motion is granted: the jury will not be presented with the indictment. The Court reserves judgment, however, regarding the summary table proposed by the government until final jury instructions are determined.

### 6. Motion No. 6: Witness Exclusion

Defendant seeks the exclusion of government witnesses under Federal Rule of Evidence 615. The government does not object to an order excluding witnesses until the time such witness is no longer subject to recall, and explains that FBI Special Agent Samuel Chen and FBI Forensic Analyst Gregory Reyes should be exempted from the order as case agents under Federal Rules of Evidence 614(c). Defendant objects to exemption of Agent Reyes, but not Agent Chen, arguing that the government is only entitled to one case representative under Rule 615(b), and has not met its burden in showing that Agent Reyes is essential to the case for an additional case agent under Rule 615(c). This motion is granted: all non-exempt witnesses shall be excluded from trial, from *voir dire* until such time as they are released. Agent Chen will be exempt from the order, but Agent Reyes will not be exempted, unless further showing is made by the government as to how he is essential to the government's case.

### 7. Motion No. 7: Discussing or Disclosing Witness Testimony

Defendant asks that witnesses be ordered not to discuss the case or their testimony with anyone other than counsel, as well as prevented from reading trial transcripts, under Rule 615. The government does not object. Accordingly, this motion is granted.

8. **Motion No. 8: Government Witnesses**

Defendant requests an order that any released government witness be considered under subpoena for the defense. The government does not object to such subpoena for the duration of the trial. Accordingly, this motion is granted.

**IT IS SO ORDERED**.

Dated: November 16, 2022

_____
RICHARD SEEBORG
Chief United States District Judge