KAREN L. LANDAU, ESQ.
CSB 128728
Law Office of Karen L. Landau, P.C.
460 Center St., # 6935
Moraga, CA 94570-6935
(510) 501-2781
Karenlandau@karenlandau.com

Attorney for Defendant Sivannarayana Barama

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| United States of America, | No. 19-cr-463-RS |
|---|---|
| Plaintiff, | Defendant's Motion For Bail Pending Appeal |
| v. | |
| Sivannarayana Barama, | |
| Defendant. | |

Defendant Sivannarayana Barama is scheduled to surrender to serve his sentence of 18 months' imprisonment on March 29, 2024.[1]  This Court previously convicted him of securities fraud of 18 U.S.C. § 1348(b)(2).  Mr. Barama filed a timely notice of appeal to the Ninth Circuit.

Mr. Barama's record demonstrates that he is neither a flight risk nor a danger to the community. This appeal is not taken for delay; rather, it presents substantial questions, as demonstrated by the opening brief filed on March 8, 2024, a copy of which is filed herewith as Exh. A. Accordingly, this Court should admit him to bail pending appeal.

---

[1] The BOP has designated Mr. Barama to serve his sentence at FCI Terminal Island in San Pedro, California.

1

No. 19-cr-463-RS
DEFENDANT'S MOTION FOR BAIL PENDING APPEAL

## 1. Standard For Bail Pending Appeal

To qualify for release pending appeal, a defendant must satisfy the conditions established by 18 U.S.C. § 3143(b)(1).  Section 3143(b)(1) provides for release pending appeal if the judicial officer finds -

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released...:[and]
>
> (B) that the appeal is not for the purposes of delay and raises a substantial question of law or fact likely to result in
>
> (i) reversal;
>
> (ii) an order for new trial;
>
> (iii) a sentence that does not include a term of imprisonment; or
>
> (iv) a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *see United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985).

A "substantial" question for the purposes of bail is one about which reasonable jurists could differ.  *See Barefoot v. Estelle*, 463 U.S. 880, 892-93 (1983). The defendant does not need to show a likelihood of success on appeal. The term "likely to result in reversal or an order for a new trial" defines the "type of question that must be presented." *Handy*, 761 F.2d at 1283. In this circuit, an appellant need not establish that he will probably prevail on appeal to qualify for release pending appeal. But only that the issue to be raised on appeal is fairly debatable. *Id.*

Mr. Barama's history and record establish, by clear and convincing evidence, that he is neither a flight risk nor a danger to the community. Mr.

Barama was released before, during, and after trial and sentencing. He is a longtime resident of Fremont, California.

As this Court is aware, his wife is extremely ill with rectal cancer as well as a myriad of other health conditions. Mr. Barama cares for her, as well as his 14-year old son, a U.S. citizen. His daughter is a student at the University of California at San Diego. Mr. Barama himself is in poor health: suffers from poorly controlled type 2 diabetes with its attendant consequences, including kidney disease.

Mr. Barama fully complied with all conditions of supervision while on pretrial release.  The record could not be stronger that he poses neither a danger to the community nor a flight risk.  *See* 18 U.S.C. § 3143(a).

Next, Mr. Barama's appeal is not being prosecuted for purposes of delay. That he is not appealing for purposes of delay is demonstrated by the fact that he has filed his opening brief in a timely fashion – requesting only one extension of time. Accordingly, the only question for this Court is whether Mr. Barama presents a fairly debatable question for appeal, which, if successful, will result in reversal of the judgment or an order for a new trial.

## 2.  The Appeal Presents Substantial Questions which are Likely to Result in Vacatur of the Conviction.

Defendant's brief presents five issues, each of which independently provides a substantial question for appeal. The first argument, if successful, will result in vacatur of the conviction, and preclude a new trial. The second, third and fourth arguments, if successful, will result in reversal and an order for a new trial. The final argument has the potential to result in a sentence less than the time for appeal. Four of these issues are discussed briefly in this motion. Defendant incorporates his opening brief which is attached as Exhibit A.

## A. It is Fairly Debatable Whether there is Sufficient Evidence to Sustain the Securities Fraud Convictions.

The Court of Appeals reviews de novo whether there is sufficient evidence to sustain a conviction. *United States v. Nevils,* 598 F.3d 1158, 1163-65 (9th Cir. 2010) (en banc).

18 U.S.C. § 1348(2) requires, as an element that the scheme to defraud involve the means of "false or fraudulent pretenses, representations or promises." The statute requires that the criminal acquire or attempt to acquire money or property through the specified misrepresentation or promise. *Loughrin v. United States,* 573 U.S. 351, 362-63 (2014).

The government's case focused on a misappropriation theory: that Mr. Barama was guilty of securities fraud because he used information stolen by Janardhan Nellore, an insider at Palo Alto Networks, knowing that such information had been wrongfully obtained. The jury was given the option of convicting Mr. Barama under section 1348(1) or (2) or both, but the jury convicted him only under section (2).

Under a correct interpretation of section 1348(2), there is a real question whether there is sufficient evidence to sustain Mr. Barama's convictions on Counts 2-5. Barama obtained confidential information because Nellore misappropriated and shared it with Barama for free. Misappropriation does not constitute a false or fraudulent pretense, representation, or promise. Nellore's method of committing his scheme to defraud was misappropriation: he did not use false or fraudulent pretenses and accordingly could be legitimately convicted only under § 1348(1).

This Court ruled that Mr. Barama's statements to Nellore misstating his trading volume sufficed to support the § 1348(2) conviction. 1-ER-46-47. *Loughrin v. United States,* 573 U.S. 351 (2014) suggests a contrary conclusion.

The only false statements Barama made were understatements about the quantity of options he purchased or owned. See Trial Exh. 43. These statements pertained only to Count 2. As to Counts 3-5, there was no evidence of false statements, representations or promises at all. *See* Trial Exh. 43. And, even the misstatements as to trading volume were not made to the victim of the offense: PANW or its shareholders. Rather, the "misstatements" were made to Nellore, the insider who misappropriated information from PANW. The misstatements cannot form the basis for conviction under § 1348(2).

This Court ruled there was sufficient evidence to sustain appellant's conviction under 18 U.S.C. § 1348(2). This conclusion is fairly debatable. It is questionable whether any misrepresentations made by the defendant to the insider – who misappropriated confidential information and used it for trading -- suffice to prove that the defendant participated in a scheme to defraud by means of false or fraudulent pretenses. The victim of the scheme was Palo Alto Networks, not the insider, Janardhan Nellore.

Although the evidence may have been sufficient to sustain a conviction for a scheme to defraud under section 1348(1), evidence of material false pretenses, or representations or promises in relation to counts 2-5 are lacking. Nellore did not falsely represent himself or his information to Barama. Nor did Nellore misrepresent himself to PANW: rather, he simply converted the company's confidential information. For his part, Barama did not misrepresent himself to Nellore, although he apparently traded in far greater amounts than Nellore claimed to know. There is insufficient evidence of the means element of the offense.

Accordingly, it is fairly debatable whether there is sufficient evidence to sustain Mr. Barama's convictions. If Mr. Barama succeeds on his sufficiency claim, his convictions will be vacated and retrial barred. This Court should admit him to bail pending appeal.

### B. It is Fairly Debatable Whether the Court Plainly Erred by Constructively Amending the Indictment to Allow for Conviction Based on Omitted Facts.

The language of the indictment, counts 2-5, tracked the statutory language of § 1348, allowing for conviction based on false and fraudulent pretenses, representations or promises. The jury instructions, however, expanded the basis for criminal culpability by adding the term "omitted facts." In so doing, the court constructively amended the indictment and allowed Mr. Barama to be convicted on the basis of conduct that is neither criminalized by the statute nor on which the federal grand jury returned an indictment.

The government may only try and convict a defendant on the charges as to which a grand jury chose to indict. *Stirone v. United States*, 361 U.S. 212, 217-218 (1960). When the government presents evidence that permits a conviction based upon conduct not alleged in the indictment, either a variance or a constructive amendment occurs. A constructive amendment "involves a change, whether literal or in effect, in the terms of the [indictment]." *United States v. Ward,* 747 F.3d 1184, 1190 (9th Cir. 2014). A constructive amendment requires reversal of the charges. *United States v. Shipsey,* 190 F.3d 1081, 1085 (9th Cir. 1999).

The jury returned a guilty verdict under section 1348(2) which requires that the scheme to defraud be carried out by means of false or fraudulent pretenses, representations or promises. *Loughrin,* 573 U.S. at 362-63. This Court concluded that Mr. Barama's misstatements regarding his trading volume, made to Nellore, were sufficient to affirm the conviction. But, Barama's communications with Nellore concerning quantity were primarily acts of omission concerning his trading volume. While Barama misstated his trading volume a few times with regard to the time period charged in Count 2, there were only omissions as to Counts 3-5.

Here, the court's instructions allowed the jury to convict Mr. Barama based on omissions, when both the Indictment and the statute require false or fraudulent pretenses, representations or promises. There was evidence that Mr. Barama omitted facts as to his trading volume and the jury realistically could have concluded that these omissions provided the basis for conviction on counts 2-5.

The expansion of the grounds for conviction not only worked a constructive amendment, but also allowed the jury to return a verdict on an invalid legal ground. An omission cannot provide the basis for a fraud conviction absent a duty to disclose by the person who omits the information. *Chiarella v. United States,* 446 U.S. 222, 228 (1980); *United States v. Dowling,* 739 F.2d 1445, 1449 (9th Cir. 1984), *rev'd on other grounds,* 473 U.S. 207 (1985). Barama had no duty to Nellore or PANW. Nor was there a statutorily imposed duty to disclose.

Accordingly, it is fairly debatable whether the convictions are marred by the court's constructive amendment. If successful, this argument will result in vacatur of the judgment of conviction and a remand for further proceedings.

**C. It is Fairly Debatable Whether the Court Plainly Erred by Giving Jury Instructions that Omitted an Element of the Offense and Allowed Conviction Based on an Invalid Legal Theory.**

The court plainly erred by omitting the element of materiality from its jury instruction on § 1348(2). The omission of this essential element of the offense prejudiced Mr. Barama's substantial rights.

This Court reviews the failure to instruct on an element of the offense for plain error when the defense fails to object. *Johnson v. United States,* 520 U.S. 461, 464-65 (1997). An error is plain when it is clear and obvious, and affects the defendant's substantial rights. *Id.* at 467.

Fraud typically requires a material false statement, certainly when fraud is used along with the term "false pretenses." *Bullock v. BankChampaign, N.A.,* 569

U.S. 267, 275 (2013). The essence of fraud is that "its perpetrator has persuaded his victim to believe, beyond the dictates of reason or prudence, what is not so." *United States v. Greenlaw,* 907 F.3d 325, 340 (5th Cir. 2023) (citation omitted)). This is certainly true for section 1348(2), which requires a material false statement, misrepresentation or promise for conviction. *Id.*

A false statement is material if it has a "natural tendency to influence or is capable of influencing" the decisionmaker to whom the statement is addressed. *Neder v. United States,* 527 U.S. 1, 25 (1999). "Under any understanding of the concept, materiality looks to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation." *Universal Health Services, Inc. v. United States ex rel. Escobar,* 579 U.S. 176, 193 (2016).

Here, the court failed to provide the standard definition of materiality. The error is obvious: it is well established that materiality is an element of securities fraud. *Dirks v. SEC,* 463 U.S. 646, 655 (1983). There was error and it is plain. *Johnson v. United States,* 520 U.S. at 467-68.

The error prejudiced Mr. Barama's substantial rights. Materiality has a specific legal meaning, one which is not obvious to laypersons. The absence of a materiality instruction allowed the jury to convict Mr. Barama based on Nellore's misappropriation, without any finding of materially false pretenses, statements or promises. Mr. Barama was deprived of his right to have a jury find each element of the charge beyond a reasonable doubt. *United States v. Alferahin,* 433 F.3d 1148, 1157-58 (9th Cir. 2006).

The failure to give a materiality instruction, combined with the instructions as a whole, encouraged conviction without consideration of the means element of the offense. The instructions allowed the jury to convict Mr. Barama of section 1348(2) based on Nellore's misappropriation, without any finding that Nellore or Barama used the requisite means of false or fraudulent pretenses, representations

or promises. But, misappropriation is not the same thing as false pretenses or a material false statement, and could not, without more, provide the basis for a conviction under § 1348(2).

Further, the lack of a materiality instruction suggested that any false statement would suffice. The jury did not have to decide whether Mr. Barama's few false statements to Nellore in connection with the February 2017 trading were a material means of the offense.

The instructions allowed the jury to convict Barama without finding a materially false statement, representation or promise. The evidence that Barama made a materially false representation is not overwhelming, requiring reversal. *Alferahin*, 433 F.3d at 1157-58; *accord United States v. Murphy,* 824 F.3d 1197, 1204-05 (9th Cir. 2016). It is fairly debatable whether the failure to include a materiality instruction requires reversal of the judgment.

**D. It is Fairly Debatable Whether This Court Procedurally Erred in Calculating the Adjusted Offense Level by Using Gain.**

This Court reviews a district court's interpretation of the Sentencing Guidelines de novo. *United States v. Castillo,* 69 F.4th 648, 652 (9th Cir. 2023)

Over objection, the Court used gain to increase Mr. Barama's adjusted offense level by 18 levels, relying on U.S.S.G. §2B1.1, cmt. 3(B).

It is fairly debatable whether the court erred. The economic crime guideline, U.S.S.C. §2B1.1, calculates an offense level based primarily on loss, the amount of pecuniary harm inflicted upon a victim or victims. Section 2B1.1(b) -- the loss table -- is a fundamental part of the guideline. The table provides for incremental upward adjustments for monetary loss caused by the offense conduct, providing "(1) if the *loss* exceeded $6500, increase the offense level as follows." U.S.S.G. §2B1.1(b)(1).

Guideline commentary is not entitled to significant weight unless the guideline itself is truly ambiguous. Absent genuine ambiguity, the sentencing court should not turn to the commentary at all. *United States v. Castillo,* 69 F.4th at 655; *United States v. Banks*, 55 F.4th 246, 256 (3d Cir. 2022). Even then, the "more demanding deference standard articulated in *Kisor v. Wilkie,* 139 S. Ct. 2400 (2019) applies to the Guidelines' commentary." *Castillo*, 69 F.4th at 655-56.

The term "loss" unambiguously refers to actual harm. *Banks,* 55 F.4th at 256. Loss does not include gain, which is its conceptual opposite. Accordingly, it is fairly debatable whether this Court erred in increasing Barama's guideline range by 18 levels for gain. Without the increase for gain, Mr. Barama's adjusted offense level would have been five, presumptively requiring a probationary sentence.

Although the court imposed a sentence significantly below the guideline range, the error was not harmless. The sentencing guideline range was substantially increased based on the commentary. See *Molina-Martinez v. United States,* 578 U.S. 189, 199-201 (2016). Without the 18-level increase, this Court would have to depart or vary upward to impose the same sentence. Accordingly, it is fairly debatable whether a correct calculation of the guidelines would have resulted in a lower sentence, one that would be less than the time for appeal plus time-served.

## 3.  Conclusion

The threshold for a substantial question is low, and defendant satisfies it. Accordingly, he should be admitted to bail pending appeal.

Dated:  March 8, 2024

Respectfully submitted,

/s/Karen L. Landau

_____

Karen L. Landau
Attorney for Defendant
Sivannarayana Barama