CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

LLOYD FARNHAM (CABN 202231)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    Lloyd.farnham @ usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-CR-00463 RS |
|     Plaintiff, | UNITED STATES' RESPONSE TO DEFENDANT'S RESENTENCING MEMORANDUM |
|     v. | |
| SIVANNARAYANA BARAMA, | |
|     Defendant. | |

## I.    INTRODUCTION

The government submits this brief response to the Defendant Barama's Resentencing Memorandum to address two issues. First, the defendant sets forth an interpretation of the Sentencing Guidelines provisions of Section 2B1.1 regarding loss that contradicts controlling Ninth Circuit authority, instead relying on unpublished dispositions predating the Ninth Circuit's decision in *Yafa*. Second, contrary to defendant's assertions, the record before the Court, including the trial evidence and the analysis from Alexander Scoufis, supports a finding that there was an economic loss to the victim company Palo Alto Networks—which is sufficient to trigger the Sentencing Guidelines commentary allowing the Court to use gain as an alternative measure of the loss.

## II.    DISCUSSION

### A.    The Court Must use Gain as an Alternative to Loss Regardless of Whether that Gain is a "Reasonable Approximation" of or a "Proxy" for the Loss

The defendant asks the Court to apply the wrong standard for determination of the loss amount in this case, relying on a standard that was rejected by the Ninth Circuit in *United States v. Yafa*, now the controlling law in the circuit.  136 F.4th 1194 (2025).  In his brief, the defendant also muddies the waters by citing cases—including the unpublished dispositions in this case and another sentence appealed from this district, along with out-of-circuit cases—in which courts expressly disregarded the Section 2B1.1 commentary requiring us of gain as a substitute of loss.  In an unpublished case cited by defendant, *United States v. Abouammo*, a Ninth Circuit panel remanded for sentencing for the same reasons that the *Barama* panel did:  In that panel's view a district court is *precluded from considering* the commentary that allows the use of the gain instead of loss. 2024 U.S. App. LEXIS 30558, *3, No. 22-10348, (9th Cir. Dec. 4, 2024) (Memorandum Disposition).[1]

However, as argued in the government's Memorandum, in *Yafa* the Ninth Circuit more recently held that district courts *must give deference* to this same commentary.  The conclusions in *Barama* and *Abouamma* relied on the premise that "loss" in the guidelines provision is unambiguous; *Yafa* holds that "loss" is genuinely ambiguous.  It is not possible to reconcile these two holdings, and not plausible to argue, as the defendant does, that *Yafa* "did not disturb the Ninth Circuit's decisions in *Barama* and *United States v. Abouammo*." Def. Memorandum at 13.

Only in that under the now-rejected framework applied in *Barama* and *Abouammo* would the government need to prove that gain is a "proxy" or "reasonable approximation" of the victim's loss.  The Court must now give deference to the commentary, which states that the Court "shall use the gain … as an alternative measure of loss" if there is a loss but it reasonably cannot be determined.

In his brief, Barama argues that gain can only be used if three requirements are met, including

---

[1] In a separate published decision the appeals court affirmed defendant Abouammo's conviction, and that decision was appealed to the Supreme Court.  On June 5, 2026, the Supreme Court overturned Abouammo's conviction for 18 U.S.C. § 1519 for lack of venue. *Abouammo v. United States*, ___ U.S. ___, 2026 U.S. LEXIS 2467.  This decision did not address the sentence or the application of the Sentencing Guidelines.

that "PANW actually suffered a monetary loss," the loss cannot be calculated, and that Barama's "profits are a reasonable approximation of the loss PANW suffered."  Def. Memorandum at 13. The problem is that there is no support for the third of these purported requirements.  *Yafa* rejected that loss is limited to profits that are a reasonable approximation of loss, because the panel rejected the argument that the commentary must be disregarded.  By explicitly rejecting the premise that the guidelines adjustment can only consider "loss," and explicitly requiring deference to the commentary directive regarding gain, the *Yafa* court concluded that a district court can use "gain as an alternative to loss"— that is not the same as the defendant's assertion that gain can only be used when it is a "reasonable approximation" of loss.

### B.    The Record Supports the Finding that PANW Suffered a Loss that Cannot Reasonably be Determined

Even assuming that the Court gives weight to defendant's argument and expert declaration which posits that the Scoufis declaration and other evidence is insufficient to "quantify" the loss here, that is not required under the appropriate interpretation of the Guidelines and relevant commentary.  All that is required is that the government show that "there is a loss that reasonably cannot be determined."  U.S.S.G. § 2B1.1, cmt. n.3(B).

This is a financial crime, motivated purely by a desire to profit, involving the use of confidential financial information stolen from a company that intended to keep that information confidential in part for its own financial reasons and to protect its shareholders from harm.  It would be counterintuitive to conclude that this crime inflicted no economic harm whatsoever on the victim company.

The Scoufis declaration discusses the different types of harm to PANW to from the misappropriation of its information, and describes those harms in economic terms: (1) the losses to counterparties in the market, who traded PANW securities and some of whom were likely PANW stock holders, (2) the effect on the price of the stock in a market in which PANW was a buyer through its share repurchases, and (3) the reputational and regulatory harm to PANW and to the perception of integrity  in the market for its securities that could affect its stock.  Scoufis Decl. at 4-5.

The Declaration of Greg Regan, filed in support of the defendant's memorandum, does not provide compelling reasons for the Court to disregard any of these potential economics harms. For

example, in response to the Scoufis opinion that Barama's trading with an illegal "informational advantage" caused a financial loss to counterparties, Regan argues only that the counter parties *may* not have experienced a detriment, *may* have still traded if they knew the same information Barama had (which seems unlikely), and that the counterparties are unknown (a point Scoufis concedes because they are difficult to identify in a large liquid securities market).  Regan Decl. at 3-4.  Regan also argues that the Scoufis analysis does not provide a basis to calculate the value the stolen information and concludes that Scoufis has not "quantified any loss or harm experienced by PANW attributable to Mr. Barama's trading."  Id. at 5- 7.  However, under the appropriate application of the Sentencing Guidelines, the government need only show that there was an economic loss to the company—the government does not need to quantify that loss because that is the point of the alternative loss determination described in the commentary.  These critiques do not undermine the main point of the Scoufis declaration, that Barama's trading based on misappropriated financial information likely resulted in harm to the company and its shareholders.  On this record, the Court should conclude that there is an economic loss that reasonably cannot be determined, allowing the Court to use gain as an alternative to loss.

DATED: June 26, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


_____/s/_____

LLOYD FARNHAM
Assistant United States Attorney